IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WARNER BROS. RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; CAPITOL RECORDS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>    Plaintiffs,<br>vs.<br><br>LEONARD JACKSON,<br><br>    Defendant. | Civil No. 8:05CV547<br><br><br><br>JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION |

  This matter is before the Court on the Plaintiffs' Motion for Default Judgment (Filing No. 17). The Defendant Leonard Jackson was served with a summons and the Complaint on February 4, 2006. (Filing No. 6). Jackson's Answer to the Complaint was due on or about February 24, 2006, but Jackson has not answered or otherwise appeared in this matter. On March 27, 2006, the Clerk filed her Entry of Default (Filing No. 13), and, in response to a Show Cause Order, on May 1, 2006, the Plaintiffs filed their motion for default judgment against Jackson. With regard to the Show Cause Order, I find that the Plaintiffs have not unduly delayed the progression of this case.

  The Court finds that the Defendant has been properly and validly served with the Summons and Complaint in this action, and that he is subject to the jurisdiction of the Court. The Plaintiffs seek a default judgment and permanent injunctive relief against

Jackson, and they have filed the Declaration of David V. Clark in support of the motion. I find that the Plaintiffs have complied with Fed. R. Civ. P. 55 and NECivR 55.1(c). When a proper motion for default judgment is raised, a court will bind the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint. See *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) citing *Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed.R.Civ.P. 55(b)(2).

The Plaintiffs have alleged that Jackson has used, and continues to use, an online media distribution system to download and to distribute their copyrighted sound recordings, and to make the copyrighted sound recordings available for distribution to others, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501-505 and the Plaintiffs' exclusive rights to reproduce and distribute their copyrighted sound recordings. Plaintiffs also allege that as a direct result of Defendant's infringement, they have been harmed and are entitled to injunctive relief, statutory damages and costs pursuant to 17 U.S.C. §§ 502, 503, 504(c) and 505.

Taking the allegations in the Complaint as true, I find that Jackson has infringed the Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint. Plaintiffs seek from Jackson statutory damages for each infringement[1] in the total amount of $7,500.00, and costs in the amount of $250. I find that this amount is reasonable and shall

---

[1] Both the Complaint and the Motion for Default Judgment request statutory damages for each infringement. I count ten (10) infringements in Exhibit A, and I calculate statutory damages at the minimum amount to be $7,500.00 ($750 x 10). In so finding, I am assuming that Plaintiffs' request for $4,500 in statutory damages as set forth in Filing No. 18, p. 12, is in error (as was much of the Plaintiffs' proposed judgment submitted in this case). If, however, Plaintiffs' counsel knows a reason why this award should be $4,500, counsel is directed to so inform the Court within 5 working days, as the Court may, in its discretion, award an amount lower than the statutory minimum for good cause.

be awarded. *See Elektra Entertainment Group, Inc., v. Crawford*, 226 F.R.D. 888, 890 (C.D. Cal. 2005)(awarding statutory damages and injunctive relief in case involving infringement of copyrighted recordings).

IT IS ORDERED, ADJUDGED AND DECREED:

I.  Plaintiffs' Motion for Default Judgment and Permanent Injunction (Filing No. 17) is granted;

II. Judgment by default is hereby entered in favor of Warner Bros. Records, Inc., UMG Recordings, Inc., Virgin Records America, Inc., Capital Records, Inc., and Sony BMG Music Entertainment, Plaintiffs, and against Leonard Jackson, Defendant, as follows:

  A.  Defendant shall pay statutory damages to the Plaintiffs the amount of $7,500.00, together with costs in the amount of $250;

  B.  Leonard Jackson is hereby enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

   1. "Fragile" on the album "Nothing Like the Sun" by artist Sting (SR# 85-672);

   2. "Runnin' with the Devil" on the album "Van Halen" by artist Van Halen (SR# 239);

   3. "Cold Hearted" on the album "Forever Your Girl" by artist Paula Abdul (SR# 93-688);

   4. "Another Brick in the Wall, Pt. 2" on "The Wall" by artist Pink Floyd (SR# 14-787);

5.  "Shape Of My Heart" on the album "Ten Summoner's Tales" by artist Sting (SR# 174-787);

6.  "Fishnet" on the album "Daydreaming" by artist Morris Day (SR# 90-289);

7.  "Now and Forever" on the album "Paid Vacation" by artist Richard Marx (SR# 210-246);

8.  "How Come, How Long" on the album "The Day" by artist Babyface (SR# 231-025);

9.  "Stop in Nevada" on the album "Piano Man" by artist Billy Joel (SR# –12214);

10. "Freedom" on the album "Listen Without Prejudice, Vol. 1" by artist George Michael (SR# 133-600); and

in any sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs hereafter "Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant is ordered to destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any

        physical medium or device in Defendant's possession, custody or control; and

III.    The findings made above are incorporated into this Judgment and Permanent Injunction by this reference.

Dated this 26th day of June, 2006.

                                        BY THE COURT

                                        s/Laurie Smith Camp
                                        United States District Judge